## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES E. SHAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:07-CV-326 JVB |
| | ) | |
| JERWAN JONES, and | ) | |
| EMBASSIES OF CHRIST | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

James E. Shaffer, a *pro se* plaintiff, filed a complaint under 28 U.S.C. § 1983 and an *in forma pauperis* petition. Shaffer alleges that he was denied his First Amendment right to the free exercise of religion and his Fourteenth Amendment right to equal protection under the law:

> Jerwan Jones, Market City Flea Markets Manager for the Embassies of Christ Church located at 41st & Cleveland on August 18, 2007 at or around 10:30 AM informed me the plaintiff James E. Shaffer that I worshiped a false God and was going to hell, and if I did not remove all items non-Christian from my booth space I would no longer be allowed to continue selling my goods there.

(Compl. at 2.)

"In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks, and ellipsis omitted). Though Shaffer clearly alleges the denial of two federal rights, he does not allege that the denial was caused by a person acting under color of state law. Rather he alleges that Jerwan Jones acted on behalf of Embassies of Christ Church. Indeed, Shaffer even sues the church. The Constitution does not prevent a church from restricting the message presented at an event it is running. Therefore, Shaffer does not present a

claim on which relief can be granted.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the foregoing reasons, this case is **DISMISSED** pursuant to § 1915(e)(2)(B)(ii).

SO ORDERED on October 5, 2007.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT JUDGE